UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
           Plaintiff,

                                                     No. 1:10-cr-07

-v-

                                                     HONORABLE PAUL L. MALONEY

JOSEPH SCOTT GRAY,
           Defendant.


                 ORDER DENYING THE GOVERNMENT'S MOTION TO EXCLUDE

       Plaintiff United States filed a motion to exclude improper character evidence. (Dkt. No. 54.)

Plaintiff objects to character witnesses who will testify about Defendant Gray's character, other than

his propensity for truthfulness and his law abiding nature. Plaintiff notes Defendant intends to

present his defense over two and a half days. Plaintiff requests the court exclude cumulative

testimony.

       The United States Supreme Court has held that "because a criminal defendant's character

is relevant to resolving probabilities of guilt," a defendant "may introduce affirmative testimony that

the general estimate of his character is so favorable that the jury may infer that he would not likely

commit the offense charged." *Michelson v. United States*, 335 U.S. 469, 476 (1948). Rule 405(a)

provides the foundation for a defendant to offer opinion testimony as to his or her character. Where

"evidence of character or a trait of character is admissible, proof may be made by testimony as to

reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Under the rules of

evidence, a defendant's law abiding nature is always relevant and the therefore admissible. *See*

*United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981). However, a defendant's propensity for

to tell the truth is not always relevant. *Id.* (identifying three situations where a defendant's

propensity to tell the truth is relevant: (1) the offense charged includes a lie by the defendant as an element, (2) the defendant has testified and his credibility has been attacked, and (3) the truth of out of court statements by the defendant has been attacked) (citations omitted).  In his response, Defendant identifies four individuals who will testify to his propensity for truthfulness and his reputation as a law abiding citizen.

Plaintiff's motion to exclude (Dkt. No. 54) is **DENIED.**  Defendant has provided a short list of four individuals who will testify to his law abiding nature.  Defendant has provided a sufficient description of the basis upon which each individual may offer such testimony.  Testimony as to Defendant's law abiding nature is relevant in the criminal case against him.  Before Defendant may inquire of these witnesses as to his propensity to tell the truth, Defendant will have to establish a basis for the relevance of such testimony.  The court declines Defendant's request to have the Government summarize the "bad things" Defendant allegedly has done and which the Government intends to inquire of the witnesses.  **IT IS SO ORDERED.**


Date:   September 17, 2010                                  /s/ Paul L. Maloney
                                                           Paul L. Maloney
                                                           Chief United States District Judge